IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 3 KIDS, INC. D/B/A THE KLEIN GROUP, *Plaintiff*, | § § § § § | |
| v. | § § | CIVIL ACTION |
| AMERICAN JEWEL, LLC, SAUL JUDAH, and SHERIE JUDAH, *Defendants*. | § § § § § | CASE NO. 4:19-cv-00386 |

___

**DEFENDANTS SAUL AND SHERIE JUDAH'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**
___

Defendants, Saul Judah and Sherie Judah ("**Defendants**") respond to the allegations in Plaintiff's Second Amended Complaint as follows:

## I.    JURISDICTION & VENUE

1. Defendants deny the allegations in Paragraph 1 except that they admit the parties are diverse and that the amount claimed by Plaintiff exceeds $75,000. Defendants admit that the Court has already ruled on jurisdiction in this matter, but reserve their rights on any appeal in this regard.

## II.    PARTIES

2. Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 2.

3. Defendants upon information and belief, admit the allegations of Paragraph 3 as to American Jewel LLC.

4. Defendants admit that Saul Judah is an individual, but deny the remainder of the allegations in Paragraph 4.

5. Defendants admit that Sherie Judah is an individual, but deny the remainder of the allegations in Paragraph 5.

### III.   FACTUAL BACKGROUND

#### A.   The Underlying Litigation

6. Defendants deny the allegations in Paragraph 6 to the extent they imply Defendants were parties to the therein-referenced litigation, but admit the allegations as to Defendant American Jewel, LLC ("**American Jewel**").

7. Defendants admit the allegations in Paragraph 7 to the extent they refer to the judgment ("**Judgment**") entered in the litigation referenced in Paragraph 7. Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 7 as to the legal conclusions therein. Defendants deny the remainder of the allegations in paragraph 7, and in particular any allegations of wrongdoing on the part of Defendants.

8. Defendants admit the allegations in Paragraph 8 only to the extent that they previously owned American Jewel until they sold same. Defendants deny the remainder of the allegations in paragraph 8, and in particular any allegations of

wrongdoing on the part of Defendants.

### B. Plaintiff's Collection efforts on the underlying litigation

9. Defendants deny the allegation in Paragraph 9 that they failed to post a supersedeas bond but admit American Jewel so failed. Defendants lack sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 9.

10. Defendants admit the allegation in Paragraph 10 only to the extent that Sherie Judah received papers addressed to American Jewel. Defendants deny the remainder of the allegations in paragraph 10, and in particular any allegations of wrongdoing on the part of Defendants.

### C. Saul and Sherie Judah change the sign of American Jewel

11. Defendants deny the allegation in Paragraph 11 that they in any individual capacity changed the name on the signage but admit American Jewel did so. Defendants deny the remainder of the allegations in paragraph 11, and in particular any allegations of wrongdoing on the part of Defendants.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14 only to the extent that American Jewel changed the bank it used. Defendants deny the remainder of the allegations in paragraph 14, and in particular any allegations of wrongdoing on the part of Defendants.

### D.     Defendants Fraudulent Transfer of Money

<u>(1) Defendants Transfer $300,000 to Sherie Judah in repayment of a "debt."</u>

15.     Defendants admit the allegations in Paragraph 15 to the extent that American Jewel repaid a loan to Sherie Judah in California on or about the subject dates. Defendants deny the remainder of the allegations in paragraph 15, and in particular any allegations of wrongdoing on the part of Defendants.

16.     Defendants neither admit nor deny the allegations in Paragraph 16 as the subject exhibits speak for themselves.  To the extent the allegations in Paragraph 16 attempt to modify, interpret or otherwise provide additional language of the subject exhibits, the allegations in Paragraph 16 are denied.

17.     Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 17 as the allegations call for a legal conclusion.

<u>(2) Defendants Saul and Sherie Judah sell off American Jewel assets for cash they pocketed.</u>

18.     Defendants admit the allegations in Paragraph 18 only to the extent that American Jewel had "cash and carry" sales. Defendants deny the remainder of the allegations in paragraph 18, and in particular any allegations of wrongdoing on the part of Defendants.

19.     Defendants neither admit nor deny the allegations in Paragraph 19 as the subject exhibit speaks for itself.  To the extent the allegations in Paragraph 19 attempt to modify, interpret or otherwise provide additional language of the subject

exhibit, the allegations in Paragraph 19 are denied. Defendants deny the remainder of the allegations in paragraph 19, and in particular any allegations of wrongdoing on the part of Defendants.

> <u>(3) Following the judgment, Defendants Saul and Sherie Judah liquidated American Jewel's bank accounts; some of the Judah transfers were an outright theft on American Jewel's new owners.</u>

20.     Defendants neither admit nor deny the allegations in Paragraph 20 as the subject exhibits speak for themselves.  To the extent the allegations in Paragraph 20 attempt to modify, interpret or otherwise provide additional language of the subject exhibits, the allegations in Paragraph 20 are denied. Defendants deny the remainder of the allegations in paragraph 20, and in particular any allegations of wrongdoing on the part of Defendants.

21.     Defendants admit the allegations in Paragraph 21 only to the extent that American Jewel made payments to Defendants. Defendants deny the remainder of the allegations in paragraph 21, and in particular any allegations of wrongdoing on the part of Defendants.

22.     Defendants neither admit nor deny the allegations in Paragraph 22 as the subject exhibits speak for themselves.  To the extent the allegations in Paragraph 22 attempt to modify, interpret or otherwise provide additional language of the subject exhibits, the allegations in Paragraph 22 are denied. Defendants deny the remainder of the allegations in paragraph 22, and in particular any allegations of

wrongdoing on the part of Defendants.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants neither admit nor deny the allegations in Paragraph 24 as the subject exhibits speak for themselves. To the extent the allegations in Paragraph 24 attempt to modify, interpret or otherwise provide additional language of the subject exhibits, the allegations in Paragraph 24 are denied. Defendants deny the remainder of the allegations in paragraph 24, and in particular any allegations of wrongdoing on the part of Defendants.

25. Defendants neither admit nor deny the allegations in Paragraph 25 as the subject exhibits speak for themselves. To the extent the allegations in Paragraph 25 attempt to modify, interpret or otherwise provide additional language of the subject exhibits, the allegations in Paragraph 25 are denied. Defendants deny the remainder of the allegations in paragraph 25, and in particular any allegations of wrongdoing on the part of Defendants.

26. Defendants neither admit nor deny the allegations in Paragraph 26 as the subject exhibits speak for themselves. To the extent the allegations in Paragraph 26 attempt to modify, interpret or otherwise provide additional language of the subject exhibits, the allegations in Paragraph 26 are denied. Defendants deny the remainder of the allegations in paragraph 26, and in particular any allegations of wrongdoing on the part of Defendants.

27. Defendants deny the allegations in Paragraph 27.

**(4) Following the judgment, Defendants Saul and Sherie Judah stole American Jewel's existing inventory for use in a different sales scheme**

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

**E. Defendant American Jewel was insolvent at the time Defendants Saul and Sherie conducted their fraudulent transfers.**

30. Defendants deny the allegations in Paragraph 30.

31. As to the subject letter, Defendants neither admit nor deny the allegations in Paragraph 31 as the subject exhibits speak for themselves. To the extent the allegations in Paragraph 31 attempt to modify, interpret or otherwise provide additional language of the subject exhibits, the allegations in Paragraph 31 are denied. Defendants deny the remainder of the allegations in paragraph 31, and in particular any allegations of insolvency on the part of American Jewel, or any allegations of wrongdoing on the part of Defendants.

32. Defendants admit the allegations in Paragraph 32 only to the extent that American Jewel hired the subject law firm. Defendants lack sufficient knowledge to either admit or deny the allegations in Paragraph 32 as to the withdrawal of counsel and dismissal of the appeal (for American Jewel). Defendants deny the remainder of the allegations in paragraph 32, and in particular any allegations of insolvency on the part of American Jewel, or any allegations of wrongdoing on the part of

Defendants.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

**F.     Defendants Saul and Sherie Judah used the proceeds of their illegal takings and fraudulent transfers to finance an opulent #beachlife lifestyle**

35. Defendants need not admit or deny the allegations in Paragraph 35.

36. Defendants deny the written allegations in Paragraph 36. As to the subject exhibit, Defendants neither admit nor deny the allegations in Paragraph 36 as the subject exhibit speaks for itself. To the extent the allegations in Paragraph 36 attempt to modify, interpret or otherwise provide additional language of the subject exhibits, the allegations in Paragraph 36 are denied.

37. Defendants deny the allegations in Paragraph 37.

**IV.    CAUSE OF ACTION No. 1 – Fraudulent Conveyance Pursuant to Tex. Bus & Com. Code §24.006 – Against All Defendants**

38. Defendants need not admit or deny the allegations in Paragraph 38.

39. Defendants need not admit or deny the allegations in Paragraph 39.

40. Defendants deny the allegations in the first line of Paragraph 40. As to the attestations, Defendants neither admit nor deny the allegations in Paragraph 40 as the subject exhibits speak for themselves. To the extent the allegations in Paragraph 40 attempt to modify, interpret or otherwise provide additional language of the subject exhibits, the allegations in Paragraph 40 are denied. Defendants deny

the remainder of the allegations in paragraph 40, and in particular any allegations of wrongdoing on the part of Defendants.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants need not admit or deny the allegations in Paragraph 42, but deny that Plaintiff is entitled to any relief thereon.

## V.     CAUSE OF ACTION No. 2 – Civil Conspiracy – Against all Defendants

43. Defendants deny the allegations in Paragraph 43.

## VI.    CAUSE OF ACTION No. 3 – Vicarious Liability (Respondeat Superior) – Against all Defendants

44. Defendants need not admit or deny the allegations in Paragraph 44.

45. Defendants admit the allegations in Paragraph 45 that all actions taken by Defendants were on behalf of American Jewel. Defendants deny the remainder of the allegations in paragraph 45, and in particular any allegations of wrongdoing on the part of Defendants.

## VII.   CAUSE OF ACTION No. 4 – Alter Ego/Piercing The Corporate Veil – Against All Defendants

46. Defendants need not admit or deny the allegations in Paragraph 46.

47. Defendants admit they were prior owners of American Jewel. Defendants deny the remainder of the allegations in paragraph 47, and in particular any allegations of wrongdoing on the part of Defendants.

## VII.   CAUSE OF ACTION No. 5 - Joint-Enterprise Liability – Against all Defendants

48. Defendants need not admit or deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

## VIII.  REQUEST FOR JURY TRIAL

51. Defendants need not admit or deny the allegations in Paragraph 51 regarding the jury demand and lack sufficient knowledge of Plaintiff's payment of the jury fee.

## IX.  PRAYER

52. Defendants need not admit or deny the allegations in Paragraph 52, but specifically deny that Plaintiff is entitled to any relief herein.

**Further, Defendants assert the following defenses:**

## FIRST DEFENSE

53. The Court lacks subject-matter jurisdiction over this case.

## SECOND DEFENSE

54. Noting the Court has determined it has jurisdiction over certain specific acts (and reserving its right to challenge same via appeal), as to all other acts complained of, the Court lacks personal jurisdiction over Defendants because, among other reasons, they were not parties to the underlying litigation from which Plaintiff alleges its claims arose, none of Defendants' conduct complained of by

Plaintiff occurred in Texas, and Defendants otherwise lack sufficient contacts with Texas.

### THIRD DEFENSE

55. As to any act complained of, not occurring in Texas, this Court is an improper venue because, among other reasons, Defendants are not residents of Texas, Defendants were not parties to the underlying litigation from which Plaintiff alleges its claims arose, and none of the conduct complained of by Plaintiff occurred in Texas.

### FOURTH DEFENSE

56. Defendants were not properly served with process.

### FIFTH DEFENSE

57. Plaintiff's complaint fails to state a cause of action against Defendants upon which relief may be granted. Without limitation, Plaintiff has failed to properly allege the elements of each purported cause of action.

### SIXTH DEFENSE

58. In its First Amended Complaint (DOC. #31-1), Plaintiff joined certain indispensable parties, namely Kristina Hastings, who purchased Defendants' membership interests in American Jewel following the Judgment, and MOD LLC, but did not seek service of process as to same. Said individual and entity "disappeared" in the Second Amended Complaint (DOC. #38). Unless and until all

indispensable parties are served and addressed, this action cannot continue.

### SEVENTH DEFENSE

59. Plaintiff's damages, if any, were caused in whole or in part by the acts or omissions of others, including without limitation, Plaintiff, American Jewel, Kristina Hastings and/or MOD LLC.

### EIGHTH DEFENSE

60. Defendants are entitled to an offset against Plaintiff's damages, if any.

### NINTH DEFENSE

61. Plaintiff failed to adequately mitigate its damages, if any.

### TENTH DEFENSE (Multiple)

62. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, acquiescence, ratification, laches, novation, accord and satisfaction, res judicata, collateral estoppel, or unclean hands.

### ELEVENTH DEFENSE

63. Defendants are entitled to complete and absolute indemnification from American Jewel, Kristina Hastings and/or MOD LLC and any relief of against Defendants must incorporate same.

### TWELFTH DEFENSE

64. Plaintiff has now dismissed American Jewel who is an indispensable party to this action.

### THIRTEENTH DEFENSE

65. Defendants have brought a Third-Party Complaint against Kristina Hastings in this matter, which must be concurrently adjudicated herewith and setoff herein.

### FOURTEENTH DEFENSE

66. The exhibits contained in, and attached to, the Second Amended Complaint are repugnant to the allegations in the Second Amended Complaint.

### FIFTEENTH DEFENSE

67. Plaintiff has sought exemplary damages in its prayer, but has failed to set forth any factual basis therefor.

### SIXTEENTH DEFENSE (Multiple)

68. As to the Count 2, 3, 4, and 5, the parties necessary for each of the causes, have either not been joined, or have been dropped. Civil conspiracy, cannot exist solely between a husband and wife; Vicarious liability is directed to American Jewel who has been dropped; Alter Ego/Piercing the Corporate Veil imparts liability to, and requires, the owner of American Jewel, Kristina Hastings; and, there cannot be a joint enterprise between a husband and wife.

### PRAYER

69. Accordingly, Defendants request that the Court dismiss Plaintiff's Second Amended Complaint with prejudice, deny Plaintiff's demands and prayer

for relief, and grant other such relief as the Court deems just and proper.

Dated: February 7, 2020.

                                                  Respectfully submitted,

                                                  /s/ Frank Smith
                                                  Frank Smith
                                                  *Pro hac vice*
                                                  Fla. Bar No.:  069681
                                                  990 Stirling Rd., Suite 226
                                                  Cooper City, Florida 33024
                                                  t:  954-414-4625
                                                  f:  954-241-6947
                                                  e:  frank.smith@fmslawyer.com
                                                  **Attorney-in-charge for Defendants Saul and Sherie Judah**

**Of Counsel:**

Roger N. Chrisco
*Pro hac vice*
Tex. Bar No.:  24060910
1821 Trinity St.
Liberty, Texas 77575
t:  936-336-1001
f:  936-340-3071
e:  chriscolaw@outlook.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served in compliance with the Federal Rules of Civil Procedure this 7th day of February 2020, as follows:

**By CM/ECF to:**
Andrew J. Cobos
The Cobos Law Firm
2201 Hermann Dr.
Houston, Texas 77004
t: 713-234-5860
e: andrew@cobos.law
**Counsel for Plaintiff**

/s/ Frank Smith_____
Frank Smith, Esq.
*Pro hac vice*